**Electronically Filed
Supreme Court
SCAD-12-0000686
03-OCT-2012
09:10 AM**

NO. SCAD-12-0000686

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

B. LADD UEOKA, Respondent.

_____

ORIGINAL PROCEEDING
(ODC 09-067-8790, 09-068-8791, 09-099-8822)

ORDER
(By: Recktenwald, C.J., Acoba, McKenna, and Pollack, JJ., and
Intermediate Court of Appeals Associate Judge Leonard,
in place of Nakayama, J., recused)

Upon consideration of the motion for clarification
filed by Respondent B. Ladd Ueoka, submitted pursuant to Rule 40
of the Hawaiʻi Rules of Appellate Procedure, we note that Rule
2.12A of the Rules of the Supreme Court of the State of Hawaiʻi
(RSCH), governing attorneys suspended for failure to cooperate
with lawful disciplinary investigations, states plainly in RSCH
Rule 2.12A(b) that suspensions imposed pursuant to RSCH Rule
2.12A are effective immediately and, therefore, that Respondent
Ueoka was suspended from the practice of law as of September 17,

2012. We further note, insofar as the September 17, 2012 order of this court imposed immediate suspension, that the 30-day provision of RSCH Rule 2.16(c) allowing a suspended attorney to wind up and complete, on behalf of any client, all matters that were pending on the date of suspension does not apply to Respondent Ueoka. It further appears the immediate suspension of Respondent Ueoka does not prevent his general compliance with the duties imposed by RSCH Rule 2.16, which governs duties and responsibilities of all manner of suspended attorneys. Therefore,

IT IS HEREBY ORDERED that Respondent Ueoka shall immediately surrender to all clients all papers and property to which the clients are entitled and any advance payments of fees that have not been earned.

IT IS FURTHER ORDERED that Respondent Ueoka shall promptly notify by registered or certified mail, return receipt requested, all clients being represented in pending matters, other than litigation or administrative proceedings, of his suspension and his consequent inability to act as an attorney after September 17, 2012, and that he shall advise said clients to seek legal advice elsewhere.

IT IS FURTHER ORDERED that Respondent Ueoka shall promptly notify, or cause to be notified, by registered or certified mail, return receipt requested, each of his clients who

2

is involved in pending litigation or administrative proceedings, and the attorney or attorneys for each adverse party in such matter or proceeding, of his suspension and consequent inability to act as an attorney after September 17, 2012. The notice to be given to the client shall advise the client of the desirability of the prompt substitution of another attorney or attorneys in place of Respondent Ueoka, while the notice to attorneys for adverse parties shall state the place of residence of Respondent Ueoka's former client in the particular matter.

IT IS FURTHER ORDERED that Respondent Ueoka shall notify in writing any presiding judges or hearing officers or, if necessary, relevant administrative authority, in cases in which he is attorney of record, of his current suspension from the practice of law.

IT IS FURTHER ORDERED, in light of Respondent Ueoka's motion for clarification filed on September 27, 2012, that the deadline for Respondent Ueoka to file with the supreme court an affidavit (1) showing he has fully complied with RSCH Rule 2.16; (2) reporting all other state, federal and administrative jurisdictions to which he is admitted to practice; and (3) that he has served a copy of such affidavit upon counsel for the Office of Disciplinary Counsel, is hereby extended from September 27, 2012 to 10 days after the date of entry of this instant order.

3

IT IS FINALLY ORDERED that Respondent Ueoka shall further comply with RSCH Rule 2.16(g) and (h) during the period of his suspension.

DATED:     Honolulu, Hawaiʻi, October 3, 2012.

/s/ Mark E. Recktenwald

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Katherine G. Leonard

